IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM MALONE | § | |
| v. | § | CIVIL ACTION NO. 6:10cv288 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner William Malone, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Malone was convicted of three counts of aggravated sexual assault on February 27, 2004. He appealed his conviction and sought discretionary review from the Texas Court of Criminal Appeals, which was refused on October 26, 2005. Malone then sought state habeas corpus relief on May 5 and August 21, 2009, with his first petition being dismissed for failure to comply with procedural rules, and his second petition being denied without written order on October 28, 2009. Malone then filed his federal petition on May 25, 2010.

After review of the pleadings, the Magistrate Judge recommended that the petition be dismissed with prejudice based upon the expiration of the statute of limitations. The Magistrate Judge determined that Malone's conviction became final on January 24, 2006, upon the expiration of the time in which to file a petition for certiorari with the U.S. Supreme Court.

1

Although Malone asserted that he experienced delays in obtaining the trial transcripts, the Magistrate Judge noted that the courts have held that such problems do not amount to "state created impediments" setting off the commencement date of the statute of limitations. The Magistrate Judge further observed that Malone's state habeas petitions were filed after the limitations period had expired and did not revive any portion of this period, and that Malone did not show any basis upon which the limitations period should be equitably tolled.

Malone filed objections to the Magistrate Judge's Report on August 16, 2010. In his objections, Malone complains that the Magistrate Judge did not address his "jurisdictional claim," which he says is not subject to the statute of limitations. He cites Jiminez v. Quarterman, 129 S.Ct. 681 (2009), but fails to show that he was granted an out-of-time appeal, which was the basis for decision in that case. Malone goes on to argue that the state trial court was entirely lacking in jurisdiction and so his conviction was void, and that this claim cannot be subject to a procedural bar. This contention has been uniformly rejected by the courts. Randall v. Director, civil action no. 2:07cv204, 2008 WL 2128231 (E.D.Tex., May 16, 2008, no appeal taken) (petitioner cannot evade the statute of limitations by "the simple expedient of arguing that his conviction is void); Nortonsen v. Reid, 133 Fed.Appx. 509, 510-511, 2005 WL 1253964 (10th Cir., May 27, 2005) (petitioner cannot avoid dismissal on limitations grounds by arguing that his conviction is void); Sherman v. Thaler, civil action no. H-09-1409, 2010 WL 1994348 (S.D.Tex., May 17, 2010) (same). Malone also asserts that the actions of the state trial court constitute "judicial kidnap" and that denying him relief would violate the Thirteenth Amendment's prohibition against slavery or involuntary servitude except as punishment for crime. Malone's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner William Malone is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 26th day of August, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE